## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BEVERLY HENRY, ET AL** | : | **CIVIL ACTION NO:** |
| | : | |
| | : | |
| **VERSUS** | : | **JUDGE:** |
| | : | |
| **DAVITA DIALYSIS CENTER** | : | |
| **OF DONALDSONVILLE, LOUISIANA** | : | **MAGISTRATE:** |

## NOTICE OF REMOVAL

Defendant, DVA Renal Healthcare, Inc. (erroneously named, "DaVita Dialysis Center of Donaldsonville, Louisiana"), hereby gives notice of removal of the above action from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana to the United States District Court for the Eastern District of Louisiana. In support of the Notice of Removal, the removing defendant states as follows:

1. This action was originally commenced by Beverly Henry, et al on September 21, 2016, against DaVita Dialysis Center of Donaldsonville, Louisiana, through the filing of a Petition for Damages in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana, captioned *"Beverly Henry, et al vs. DaVita Dialysis Center of Donaldsonville, Louisiana"* Suit No. 116972.

2. Defendant was improperly served with the Citation and original Petition for Damages under four separate variations of its name through its agent, on September 27, 2016.

3. The United States District Court for the Eastern District of Louisiana is the Court embracing the place wherein the state court action is pending.

7. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 and it was properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

## Diversity of Citizenship

8. The action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are believed to be of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Plaintiff, Beverly Henry is a person of the full age of majority believed to be domiciled in the Parish of Ascension, State of Louisiana, and a citizen of Louisiana. *See Petition for Damages, attached as Exhibit A*. The domicile of the plaintiffs is not alleged, but upon information and belief, it is Ascension Parish.

10. DVA Renal Healthcare, Inc. is a foreign corporation organized and existing under the laws of the State of Tennessee, and with its principal place of business in Denver, Colorado.

11. Accordingly, no properly joined and served defendant is a resident or citizen of the same state as the plaintiff and complete diversity of citizenship exists, based upon the information available to defendant.

## Amount in Controversy

12. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. Louisiana Code of Civil Procedure Article 893 A(1) articulates the following requirements for the pleading of monetary damages, in relevant part:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish… the lack of jurisdiction of federal courts due to insufficiency of damages,... a general allegation that the claim exceeds or is less than the requisite amount is required.

Hence, Article 893 requires that the plaintiffs generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. The plaintiff failed to make such an assertion in this case.

14. Because the plaintiff in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[1] The removing defendant may prove that amount either by demonstrating that the claims are likely above $75,000.00 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.[2]

15. The removing defendant avers that the plaintiffs' allegations of damages establish that the amount in controversy likely exceeds $75,000.00. Specifically, the plaintiff expressly avers that the alleged damages include nine components for the deceased, as well as five components for each of the four surviving children.

---

[1] *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 at 882-883 (5th Cir. 2002).
[2] *Id.*

16. It is facially apparent from the forgoing factual allegations and claims for damages set forth in the plaintiffs' Petition for Damages that the amount in controversy in this case likely exceeds the jurisdictional minimum of $75,000.00.[3]

### Removal

17. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

18. The plaintiff filed the Petition on September 21, 2016. Defendant, DaVita Renal Healthcare, Inc., was served under erroneous names with the Citation and original Petition for Damages on September 27, 2016. Accordingly, this Notice of Removal is being filed within thirty (30) days from service of a copy of the Petition setting forth the claim for relief.[4]

19. Pursuant to 28 U.S.C. § 1446(d), plaintiffs, Beverly Henry, et al are being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.

20. The removing defendant attaches, *in globo,* as *Exhibit B,* a copy of all process, pleadings, and orders served upon it at the time of removal and known to be part of the state court record.[5]

---

[3] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir. 1995).
[4] 28 U.S.C. § 1446(b)¶2.
[5] 28 U.S.C. § 1446(a).

21. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 23rd Judicial District District Court for the Parish of Ascension, State of Louisiana.

22. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the forgoing Notice of Removal, that to the best of their knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

23. By filing this Notice of Removal, the removing defendant does not waive, and hereby reserves all defenses and objections to the plaintiff's Petition for Damages.

24. Undersigned counsel certifies that all joined and served defendants join in and consent to the removal of the action in accordance with 28 U.S.C. § 1441.

**WHEREFORE,** the removing defendant, DVA Renal Healthcare, Inc., respectfully requests that this Court assume full jurisdiction over the cause herein, as provided by law, inasmuch as this Court has subject matter jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount is satisfied.

Respectfully Submitted:

**DEGAN, BLANCHARD, NASH**

*/s/ Maryann G. Hoskins*

_____
SIDNEY W. DEGAN, III (#4804)
RICHARD C. BADEAUX (#21457)
MARYANN G. HOSKINS (#20869)
400 Poydras Street, Suite 2600
New Orleans, Louisiana  70130
Telephone:  (504) 529-3333
Facsimile:  (504) 529-3337
*Counsel for Defendant, DVA Renal Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel record by ECF filing on the 27th day of October, 2016.

*/s/Maryann G. Hoskins*

_____
MARYANN G. HOSKINS