# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEVERLY HENRY** | **CIVIL ACTION** |
| **VERSUS** | **16-15895** |
| **DAVITA DIALYSIS CENTER** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant's motion for summary judgment, R. Doc. 33. Plaintiff has communicated to the Court that they will not oppose the motion. Having considered the parties' briefs and communications and considered the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

This case arises from injuries allegedly sustained by Beverly Taylor ("Taylor") as a result of dialysis treatment at Davita Dialysis Center ("Davita") in Donaldsonville, Louisiana. Plaintiffs, the husband and children of the deceased, initially filed this complaint in the Twenty-Third Judicial District Court in Ascension Parish. Defendant DVA Renal Care (improperly named as Davita Dialysis Center of Donaldsonville, Louisiana, and from here on referred to as "DVA") timely removed the case on the basis of diversity jurisdiction.

Plaintiffs allege that Taylor, a renal patient undergoing dialysis at Davita, severely hemorrhaged through her dialysis shunt as a result of a ruptured aneurysm/psueduoaneurysm of the stunt following discharge from Davita on July 2, 2015. R. Doc. 1-2 at 8. Plaintiffs claim that Defendant, through its agents or employees at Davita, negligently placed and or failed to recognize and fix the condition of Taylor's shunt, the hemorrhaging of which led to Taylors death by cardiac arrest on July 3, 2015. R. Doc. 1-2 at 8.

1

Plaintiffs maintain that Defendant is not a qualified healthcare provider under the Louisiana Medical Malpractice Act, and that Defendant is liable for damages caused by its negligence in placing or inserting Taylor's shunt, in failing to realizing the shunt had been improperly inserted, in failing to revise or relocate the shunt prior to discharge, and failure to supervise and train the employees of Davita. R. Doc. 1-2 at 9-10. Plaintiffs further allege that Defendant breached the standard of care, and bring a wrongful death action and a survival action. R. Doc. 1-2 at 10. Plaintiffs seek damages for Taylor's loss of physical capacity, pain and suffering, fear and mental anguish, emotional distress, embarrassment and humiliation, loss of enjoyment of life, past medical expenses, and loss of the chance of a better outcome or the chance of survival. R. Doc. 1-2 at 11. Plaintiffs also seek damages for loss of consortium, loss of companionship, affection, society, and service, expenses associated with their mother's care, and funeral and burial expenses. R. Doc. 1-2 at 11.

Defendant DVA responded, denying that Taylor underwent dialysis at Davita on July 2, 2015. R. Doc. 6 at 2. Furthermore, Defendant denies owning the facility on the date of the procedure. R. Doc. 6 at 4. Defendant avers that Plaintiffs' claims are barred by prescription, peremption, laches, and the applicable statutes of limitation. Further, Defendant avers that the alleged injuries were caused by factors outside of Defendant's control, that Defendant acted reasonably and appropriately under the circumstances, and that Defendant possessed and rendered the same degree of skill and care as would be used by other medical providers. R. Doc. 6 at 5. Defendant claims that Taylor and Plaintiffs failed to mitigate their losses, that injuries were caused by Taylor's own negligence or by superseding causes, and that Defendant cannot be held solidarily liable under the civil code. R. Doc. 6 at 6-7.

## II. PENDING MOTION

Defendant has filed a motion for summary judgment arguing that it cannot be liable for Plaintiffs' injuries because it did not own the dialysis center on the date of the incident. R. Doc. 33-3 at 1. Defendant alleges that it sold the dialysis center eleven (11) months prior to the alleged injuries. R. Doc. 33-3 at 3. The buyer has stipulated to owning the dialysis center on the date of the incident. R. Doc. 33-3 at 4. Plaintiff has communicated to the Court that they will not oppose the motion.

## III. LAW & ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are

3

insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Here, there is no genuine issue of material fact remaining in the case. It is clear that Defendant did not own the dialysis center at the time of Plaintiff's injuries and cannot be liable for those injuries. Therefore, summary judgment is appropriate at this time.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's motion for summary judgment, R. Doc. 33, is hereby **GRANTED** and all claims against Defendant DVA Renal Healthcare, Inc, are hereby **DISMISSED WITH PREJUDICE** and at Plaintiff's costs.

New Orleans, Louisiana, this 16th day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE